IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIWONE WALLACE,
#B83019,

Petitioner,

v.                                              No. 14-cv-488-DRH

RANDY PFISTER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Diwone Wallace, who is currently incarcerated in Pontiac Correctional Center ("Pontiac"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is serving life imprisonment for two counts of first degree murder. He now seeks reversal of his 2002 conviction, based on the allegedly ineffective assistance of his trial and appellate counsel. He also seeks reconsideration of his petition for post-conviction relief. This matter is now before the Court for a preliminary review of the petition.

### I. Background

Following a jury trial, petitioner was found guilty of two counts of first degree murder (Doc. 1, p. 1). On August 29, 2002, petitioner was sentenced to a term of natural life imprisonment. Petitioner's conviction was affirmed on appeal on May 28, 2004 (Doc. 1, p. 2). Petitioner sought review of the appellate court's decision in the Illinois Supreme Court. His petition for leave to appeal ("PLA")

was denied on October 6, 2004 (Doc. 1, p. 3).  *See People v. Wallace*, 823 N.E.2d 977 (Ill. 2004) (Table).

Petitioner also challenged his conviction in a petition for post-conviction relief, which he filed in St. Clair County, Illinois Circuit Court on September 13, 2004 (Doc. 1, p. 3).  The trial court denied his petition following an evidentiary hearing in October 2011.  Petitioner sought review of the trial court's decision with the appellate court.  The appellate court affirmed the trial court's denial of the post-conviction petition on September 12, 2013.  *See People v. Wallace*, 2013 WL 5209828 (Ill. App. 2013) (unpublished).  The Illinois Supreme Court denied petitioner's PLA on January 29, 2014 (Doc. 1, p. 3).  *See People v. Wallace*, 3 N.E.3d 801 (Ill. 2014) (Table).

## II.     The Petition

The instant habeas petition followed on April 28, 2014.  In it, petitioner seeks reversal of his conviction based on constitutional grounds that are primarily related to the ineffective assistance of his counsel (Doc. 1, p. 12).  Petitioner claims that: (1) the admission of statements made by a dying victim constituted inadmissible hearsay which deprived him of a fair trial (Doc. 1, p. 5); (2) trial counsel failed to call three witnesses who could have discredited the State's key witness (Doc. 1, p. 5); (3) appellate counsel failed to challenge the trial counsel's failure to call one of these witnesses (Doc. 1, pp. 6, 12); and (4) trial counsel failed to call petitioner's uncle to testify as an alibi witness (Doc. 1, p. 6).

## III.     Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition and exhibits, the Court concludes that the petition survives preliminary review.  Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition.  Furthermore, he appears to have filed his petition in a timely manner.  Given this, the Court finds that the petition survives preliminary review.

### IV.    Disposition

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before **June 23, 2014**).[1]  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

---

[1] The response date Ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.  See SDIL-EFR 3.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
Signed this 23rd day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.23 12:26:09 -05'00'

**Chief Judge**
**United States District Court**